UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILSON EARL LOVE,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF NEVADA,<br><br>Defendant. | Case No. 2:20-cv-02095-KJD-EJY<br><br>**ORDER**<br>**and**<br>**REPORT AND RECOMMEDANTION**<br><br>Re: Plaintiff's Complaint (ECF No. 1-1) |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. ECF No. 1. Plaintiff attached his Complaint (ECF No. 1-1) to his *in forma pauperis* application.

**I.   *IN FORMA PAUPERIS* APPLICATION**

Plaintiff submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted.

**II.   SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (internal citation omitted).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (internal citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Applying these standards to Plaintiff's Complaint, the Court finds Plaintiff fails to allege sufficient facts upon which to evaluate his claims. Plaintiff alleges violations of the Fourth and Fourteenth Amendment pursuant to 42 U.S.C. § 1983. ECF No. 1-1 at 3; *see also* ECF No. 1-2 at 1. However, Plaintiff's Complaint is devoid of any description of the alleged offenses other than to say that he suffered a "total miscarriage [of] justice" due to an "illegal prosecution." ECF No. 1-1 at 4 (internal alterations omitted). Thus, even construing all allegations of material fact as true and in the light most favorable to Plaintiff (*Wyler Summit P'ship*, 135 F.3d at 661), Plaintiff's conclusory statements are insufficient to state claims for relief that are plausible on their face.

Further, and more importantly, dismissal of this action is appropriate because the sole Defendant named by Plaintiff is immune from suit rendering amendment futile. The Eleventh Amendment bars citizens from suing a state unless the state has waived such immunity or Congress has abrogated such immunity by statute. U.S. CONST. amend. XI; *see also Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44 (1996). The United States Supreme Court held that 42 U.S.C. § 1983 does not constitute an abrogation of the states' Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338-40 (1979). Therefore, absent waiver, a state is not subject to suit under Section 1983. *Id*.; *see also Ala. v. Pugh*, 438 U.S. 781, 782 (1978). The State of Nevada has explicitly refused to waive its immunity to suit under the Eleventh Amendment. NRS 41.031(3). Thus, Plaintiff's claims

2

against the State fail as a matter of law.  For this reason, the undersigned recommends dismissing Plaintiff's claims with prejudice because amendment would be futile.  *Peck v. Nev.*, Case No. 2:18-cv-00237-APG-VCF, 2018 WL 3312977, at *3 (D. Nev. July 5, 2018) (dismissing Section 1983 claims against the State of Nevada with prejudice as the State is immune from suit and amendment would be futile).

### III.  ORDER

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.  Plaintiff will not be required to pay the filing fee in this action.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs.  This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

### IV.  RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's action against Defendant the State of Nevada be DISMISSED with prejudice as amendment would be futile.

DATED this 16th day of November, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).