UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILSON EARL LOVE, | Case No. 2:20-cv-02095-KJD-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff's second Motion to Amend (ECF No. 11) that attached a proposed second amended complaint. The Court has considered Plaintiff's Motion and screens Plaintiff's proposed amended complaint below.

**I.    Background**

Prior to the instant Motion to Amend and proposed Amended Complaint, the Court recommended Plaintiff's original Complaint (ECF No. 1-1) be dismissed with prejudice for failing to allege sufficient facts to support his claims and for naming a Defendant (the State of Nevada) that is immune from suit. ECF No. 3. This recommendation was adopted by the Court on February 26, 2021. ECF No. 10. On November 24, 2020, Plaintiff filed his first Motion to Amend (ECF No. 5), that was denied without prejudice because Plaintiff failed to name the individuals who allegedly deprived him of his rights, as well as because he failed to satisfy the requirements of *Heck v. Humphrey* (*see infra*). ECF No. 10.

In Plaintiff's present proposed second amended complaint, he alleges that the Las Vegas Metropolitan Police Department violated his Fourth Amendment rights against illegal searches and seizures when, on May 2, 1996, two officers, James Seeback and James Burns, arrested him. ECF No. 11-1 at 2. Plaintiff asserts that his arrest occurred without evidence, which this Court construes as an assertion that he was arrested without probable cause. *Id.* Plaintiff was subsequently convicted and sentenced to serve thirteen years for battery and robbery. *Id.* "For the stress, pain, and suffering;

1   and, endangering of [his] life" during his sentence, Plaintiff seeks 1 trillion dollars. *Id.* "For the
2   time, efforts, and monies" spent on his case, Plaintiff seeks 1 billion dollars. *Id.* at 2-3.

3   **II.    Discussion**

4       The Court liberally construes Plaintiff's proposed second amended complaint to name
5   Officer James Seeback and Officer James Burns as defendants who may be potentially sued in their
6   individual capacities for a constitutional violation under § 1983. However, Plaintiff's allegations
7   again fail to satisfy the requirements of *Heck*.

8       *Heck v. Humphrey* holds that when a damages claim necessarily implies the invalidity of a
9   plaintiff's conviction or sentence, the claim is not cognizable under 42 U.S.C. § 1983. 512 U.S. 477,
10  483 (1994). A plaintiff seeking monetary damages for an allegedly unconstitutional conviction or
11  sentence "must prove that the conviction or sentence has been reversed on direct appeal, expunged
12  by executive order, declared invalid by a state tribunal authorized to make such determination, or
13  called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.*
14  at 486-87. Therefore, the primary question in this case is whether a judgment in favor of Plaintiff
15  would necessarily implicate the validity of his conviction or sentence. *Id.* at 486. If so, "the
16  complaint must be dismissed unless [Plaintiff] can demonstrate that the conviction or sentence has
17  already been invalidated." *Id*.

18      Plaintiff's Fourth Amendment unlawful arrest claim seeks damages for his sentence
19  following a conviction for battery and robbery. Plaintiff's proposed second amended complaint
20  clearly seeks to collaterally attack his conviction and sentence, neither of which has been overturned
21  or otherwise invalidated by a court. Plaintiff's § 1983 claim is therefore barred by the rule in *Heck*
22  because a finding in favor of Plaintiff would necessarily imply his conviction or sentence was legally
23  invalid. *Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011) (concluding that the
24  plaintiff's claim of an unlawful search was not cognizable because a finding that there was no
25  probable cause for the search would necessarily imply the invalidity of plaintiffs' conviction for
26  felony possession of a firearm); *Anderson v. Valenzuela*, Case No. 2:17-cv-02070 APG-NJK, 2018
27  WL 3433296 (D. Nev. June 14, 2018), *report and recommendation adopted*, Case No. 2:17-cv-
28  02070 APG NJK, 2018 WL 3429656 (D. Nev. July 16, 2018).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.   RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's pending Motion to Amend (ECF No. 11) be DENIED and that this case be DISMISSED.


Dated this 15th day of April, 2021.


ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE


## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.   The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.   *Thomas v. Arn*, 474 U.S. 140, 142 (1985).   This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.   *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).